UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:
NORMAN R. HUGHES,

      Petitioner / Appellant

v.

                                               Case No. 06-14172
                                               Hon. Sean F. Cox
                                               Bankruptcy Case No. 05-33527

CHRISTOPHER and PAMELA
HALL,

      Respondent / Appellees.
_____

## OPINION AND ORDER

This matter is before the Court on Petitioner's Appeal from the U.S. Bankruptcy Court. Both parties fully briefed the issues and oral argument was held January 24, 2007. For the following reasons, the Court **AFFIRMS** the allowance of Respondents' claim as timely.

### I. BACKGROUND

This action arises out of Petitioner's application for Chapter 13 bankruptcy. Petitioner, the debtor, filed for Chapter 13 bankruptcy on July 14, 2005.

Respondents, creditors Christopher and Pamela Hall, obtained a money judgment against Petitioner in April 2001. When Petitioner filed for bankruptcy, he listed Respondents as Schedule F creditors. Petitioner listed the amount of the judgment as $31,978.82, and it was designated as disputed.

On August 22, 2005 Petitioner filed exemptions. On September 21, 2005, Respondents

filed an Objection to Debtor's Exemptions. Petitioner filed a Response to the objection on October 4, 2005.

The bar date for filing a proof of claim for non-governmental claims was November 15, 2005. Respondents did not file a formal Proof of Claim until December 21, 2005.

On January 24, 2006, Petitioner filed an objection to Respondents' claim. Petitioner argued that Respondents' claim was untimely. A hearing was held on the timeliness of Respondent's claim on April 25, 2006, before Bankruptcy Judge Walter Shapero. Judge Shapero ruled that Respondents' objection to Petitioner's exemptions, filed September 21, 2005, constituted an informal proof of claim. The informal proof of claim was amended by a formal proof of claim and was deemed timely filed. On June 27, 2006, Respondents filed a motion to determine the value of the claim so that an order allowing the claim could be entered. On September 13, 2006, Judge Daniel Opperman entered an Order allowing Respondents' claim.

An appeal was filed with this Court on September 22, 2006. Petitioner asks this Court to rule that the Bankruptcy Court erred by allowing Respondents' claim, because the claim was untimely. Respondents argue that the claim should be allowed because the Objection to Debtors Exemptions filed September 21, 2005 was an informal proof of claim, and was amended by the filing of a formal proof of claim.

## II.   STANDARD OF REVIEW

"[T]he district court reviews the bankruptcy court's conclusions of law de novo and upholds its findings of fact unless they are clearly erroneous." *In re Made in Detroit*, 414 F.3d 576, 580 (6th Cir. 2005). "Whether an informal proof of claim should be allowed is an equitable determination by the bankruptcy court." *In re M.J. Waterman & Associates, Inc.*, 227 F.3d 604,

607 (6th Cir. 2000). "Equitable determinations are within the sound discretion of the bankruptcy judge and will not be disturbed absent abuse of discretion." *Id*. "An abuse of discretion is defined as a definite and firm conviction that the court below committed a clear error of judgment." *Id*. at 607-608. "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Id*.

### III.   ANALYSIS

A creditor with a disputed claim is required to file a proof of claim, conforming to Fed.R.Bankr.P. 3001(a), within 90 days after the first date set for the meeting of creditors required by 11 USC §341. The cutoff date to file a proof of claim is referred to as the "bar date." In the instant case, the bar date was November 15, 2005. Respondents filed an objection to Petitioner's exemptions on September 21, 2005, but did not file a proof of claim conforming to 3001(a) until December 21, 2005. The bankruptcy court relied primarily on *In re Dietz*, 136 B.R. 459 (Bankr. E.D. Mich. 1992), to find that Respondents claim is timely. This Court must now determine whether the bankruptcy court abused its discretion by allowing the claim.

In determining what constitutes an informal proof of claim, Judge Shapero relied on *Dietz*, which states that the bankruptcy court considers several elements:

(1)   whether the informal proof of claim was in writing;

(2)   whether the writing contained a demand by the creditor on the debtor's estate;

(3)   whether the writing expresses an intent to hold the debtor liable for the debt;

(4)   whether the writing was filed with the bankruptcy court; and

(5)   whether, based on the facts of the case, it would be equitable to allow the

3

>amendment.

*Dietz*, 136 B.R. at 463.

The *Dietz* test was clarified in *Waterman*. Under *Waterman*, the first four factors are indicative of whether the proposed claim is valid, the fifth factor deals with the question of whether the amendment should be allowed once the informal proof of claim is determined to be valid. *Waterman*, 227 F.3d at 609. Whether to allow a late filed claim is a delicate balance, as the *Waterman* court noted:

> On the one hand we do not wish to enact too heavy-handed a measure to punish a creditor who may not have strictly adhered to the formalities of the filing requirements, but whose actions were sufficient to put the court and the debtor on notice of his or her intention to seek to hold the debtor liable. On the other hand, we must protect the rights and interests of the parties at interest whose diligence entitles them to a timely distribution of the estate.

*Id*.

In his ruling, Judge Shapero cited *Dietz* but not *Waterman*. Judge Shapero, nonetheless, considered the applicable factors. Judge Shapero noted that the filing of the objection to exemptions by Respondents indicated that Respondents felt they had standing to assert an objection; intended to participate in the bankruptcy proceeding; and were acting to maximize their recovery. [Tr. P.36]. Judge Shapero did not abuse his discretion in finding Respondents' objection to exemptions filed September 21, 2005 constituted a valid informal proof of claim. It is undisputed that the objection was in writing and filed with the bankruptcy court. Judge Shapero found that the objection indicated Respondents planned to hold Petitioner liable for a claim, and that Respondents intended to maximize their recovery. Judge Shapero conceded that the objection did not list the specific amount Respondents claimed, but it is incontrovertible that

Petitioner was aware of the amount at the time of filing of the informal proof of claim because the claim stemmed from a state court judgment, and Petitioner listed the amount on Schedule F. [Tr. p.36].

Petitioner also argues that the objection filed by Respondents cannot constitute an informal claim because Respondents did not include an electronic signature when they filed the document and Respondents have not corrected the omission. This argument was brought to the attention of Judge Shapero, who apparently did not see it as a basis to prevent amendment. [Tr. p.24]. Moreover, because Judge Shapero allowed amendment, the formal proof of claim filed on December 21, 2005, now constitutes the basis of Respondents' claim.

With respect to the fifth factor in *Waterman*, although Judge Shapero did not cite the *Waterman* case explicitly, he properly considered the equities before allowing the amendment. Judge Shapero held that the existence of the claim was clear to both parties. [Tr. p.37]. Further, Judge Shapero noted that the Respondents' filed an objection to Petitioner's exemptions; that prior to the bar date the parties had discussed the issue; and that Petitioner had filed a response to Respondents' objection. *Id*. Additionally, Judge Shapero considered Petitioner's argument that he would be prejudiced, but did not find it sufficient to defeat the claim. *Id*. As Judge Shapero pointed out, allowing a claim is less beneficial, and perhaps prejudicial, to the debtor in almost every case. [Tr. p.26].

Further, at the hearing before this Court, counsel representing other creditors, including Petitioner's wife, asserted that they would be prejudiced by allowance of Respondents' claim. However, counsel failed to demonstrate how other creditors would be prejudiced where a plan has not been confirmed. See *Dietz*, 136 B.R. at 469. The fact that allowing a claim is prejudicial

5

to other creditors because they may receive a smaller distribution does not preclude an amendment. *Id.*

There is no abuse of discretion in the bankruptcy court's decision to allow Respondents' claim. The bankruptcy court's ruling is upheld.

### IV.  CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the allowance of Respondents' claim as timely.

**IT IS SO ORDERED.**

> **S/Sean F. Cox**
> **Sean F. Cox**
> **United States District Judge**

Dated:  January 29, 2007

**I hereby certify that a copy of the foregoing document was served upon counsel of record and the United States Bankruptcy Court on January 29, 2007, by electronic and/or ordinary mail.**

> **S/Jennifer Hernandez**
> **Case Manager**